FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAVIER RODRIGUEZ TIJERINA, JR.,<br><br>　　　　　　　　　　Defendant. | NO:  2:20-CR-36-RMP-1<br>　　　2:08-CR-2135-RMP-1<br>　　　2:19-CR-115-RMP-1<br><br>PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE |

BEFORE THE COURT is Defendant's Motion to Continue Trial, ECF No. 24 in case number 2:20-CR-36-RMP-1; ECF No. 98 in case number 2:08-CR-2135-RMP-1; and ECF No. 32 in case number 2:19-CR-115-RMP-1.  Defendant moves for a continuance in each case to allow additional time to investigate the cases and to allow all three cases to track together.  The Government, via email with counsel and the Court, state that there is no objection to a continuance in these matters.

A trial date of November 23, 2020, would deprive defense counsel of adequate time to obtain and review discovery and provide effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7).  In

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 1

addition, the Court finds that the ongoing public health situation due to the novel Coronavirus (COVID-19) pandemic inhibits the availability of an adequate spectrum of jurors and the ability of Defendant, witnesses, counsel, and Court staff to be present in the courtroom. *See* General Order No. 20-101-11 (E.D. Wash. Oct. 26, 2020); CARES Act, Pub. L. No. 116-136; State of Washington Office of the Governor, Proclamation 20-25.6, *"Safe Start – Stay Healthy" County-by-County Phased Reopening* (Jul. 7, 2020). Therefore, the Court finds that the ends of justice served by ordering a continuance of proceedings in this matter outweigh the best interests of the public and Defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motions to Continue Trial, **ECF No. 24** in case number 2:20-CR-36-RMP-1; **ECF No. 98** in case number 2:08-CR-2135-RMP-1; and **ECF No. 32** in case number 2:19-CR-115-RMP-1, are **GRANTED**.

2. The current trial date of November 23, 2020, is **STRICKEN** and **RESET** to **January 25, 2021**, at **8:45 a.m.** commencing with a **final** pretrial conference at **8:30 a.m.** Trial shall take place in **Spokane**, Washington.

3. The current pretrial conference and the revocation of supervised release hearings set for November 10, 2020, are **STRICKEN** and **RESET** for **January 12, 2021**, at **10:00 a.m. via video conference from the Spokane County Jail**. The parties will receive an email from the Court with connection instructions. The

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 2

public may listen to hearings by calling the Court's public conference line of **888.363.4749**, and entering **access code 4939688#** five minutes before the hearing time.  PARTIES MUST MUTE THEIR PHONES, AND NO RECORDING OR REBROADCASTING IS PERMITTED.

 **4.** Counsel for defense shall notify Defendant of all hearings and ensure his attendance at court.

 **5.** Motions to Expedite, if any, shall be filed separately and noted for hearing two (2) days from the date of filing, after informing opposing counsel of such.

 **6.** Discovery motions, pretrial motions, and motions in limine shall be filed by **December 22, 2020**; responses are due **December 29, 2020**; and replies are due **January 5, 2021**.  Counsel shall note their motions for hearing at the pretrial conference on **January 12, 2021**.  LCrR 12(c)(2).

 **7.**  Trial briefs, requested voir dire, witness lists, jointly proposed jury instructions, and a table of proposed jury instructions shall be filed and served by **January 15, 2021**, for the Court's consideration.

  **(a)** The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

  **(b)** The parties shall provide the Court electronically with a table of proposed, cited jury instructions.  This table shall include:

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 3

**(i)** The instructions on which the parties agree;

**(ii)** The instructions that are disputed; and

**(iii)** The basis of any objection.

**(iv)** The jury instruction table shall be substantially in the following form:

| Proposed by | Instruction # | 9th Cir. Cite | Objection | Response to objection |
|---|---|---|---|---|
| | | | | |

**(c)** In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum filed by **January 15, 2021**. The parties shall identify the specific portion of any proposed instruction to which they object supported by legal authority that supports the objection. Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

**8.** *Pretrial Exhibit Stipulation*

**(a)** The parties shall prepare and file, by **January 15, 2021**, a pretrial exhibit stipulation that contains each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. All exhibits to which there are no objections shall be deemed admitted, subject to any objections at trial that could not be raised in advance. Failure to comply with this paragraph

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 4

could be deemed to constitute a waiver of all objections.  Do not submit blanket or boilerplate objections to the opposing party's exhibits.  These will be disregarded and overruled.

**(b)**   The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff's/Defendant's Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
|---|---|---|---|
| | | | |

**(c)**   Exhibits shall be pre-marked with the exhibit numbers that will be used at trial.  Plaintiff's trial exhibits are to be numbered 1 through 199, and Defendant's exhibits are to be numbered 200 and following.

**(d)**   Objections to exhibits and witnesses shall be heard at the final pretrial conference.

**9.    *Trial Procedures***

The following procedures shall be utilized at trial:

**(a)**   The Court utilizes JERS (Jury Evidence Recording System) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial.  Please note that the jury will receive a verbatim copy of the JERS exhibit list.  Please carefully review and follow the instructions provided.

JERS Instruction Sheet for Attorneys

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 5

**(b)** The Court will conduct the majority of jury voir dire but allow counsel fifteen minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

**(c)** A total of thirteen jurors will be selected. Plaintiff shall have six peremptory challenges, Defendant shall have ten peremptory challenges, and each party shall have one challenge for the alternate juror. Fed. R. Crim. P. 24. The challenges shall be exercised alternately;

**(d)** Regular trial hours shall be from 8:45 a.m. to 12:00 noon, and 1:15 to 4:30 p.m.;

**(e)** The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

**(f)** Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

**(g)** A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and will not be a part of the record;

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 6

(h)     Examination of witnesses shall be limited to direct, cross, redirect and recross.  Fed. R. Evid. 611(a);

(i)     Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

(j)     During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(k)     Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

(l)     An attorney's room for Plaintiff and for Defendant is available.  Counsel may inquire with the on-duty Court Security Officer for access to the room.

**10.**     A Waiver of Speedy Trial Rights was signed by Defendant.  ECF No. 23 in case number 2:20-CR-36-RMP-1.  All time from the trial date of **November 23, 2020**, to the new trial date of **January 25, 2021**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED**.  The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** November 6, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

PRETRIAL ORDER AND ORDER GRANTING MOTION TO CONTINUE ~ 7